IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ANDREW CASIAS, ERNEST CASIAS,**
on behalf of themselves and similarly-situated
employees of Distribution Management
Corporation, Inc.,

       Plaintiffs,

vs.                                                              11cv874 MV/RHS

**DISTRIBUTION MANAGEMENT
CORPORATION, INC.,**

Defendant.

**DISTRIBUTION MANAGEMENT
CORPORATION, INC.,**

Counterclaim Plaintiff,

vs.

**ANDREW CASIAS, ERNEST CASIAS,**
on behalf of themselves and similarly-situated
employees of Distribution Management
Corporation, Inc.,

Counterclaim Defendants.

## **REPORT AND RECOMMENDATION**

       THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint and Remand This Action to State Court (Doc. 24). The assigned District Judge designated the undersigned to propose findings of fact and make recommendations for the disposition of the Motion (Doc. 56). The Court has reviewed the Motion, Defendant's Response (Doc. 25), and Plaintiff's Reply (Doc. 29), and concludes that the motion is well-taken. It is recommended that the Motion be GRANTED.

**CASE HISTORY**

Plaintiff filed suit in New Mexico State Court, Second Judicial District, on August 30, 2011 (Doc. 1-2 at 3). Defendant removed to federal court on September 29, 2011 (Doc. 1). Discovery has been stayed since November 3, 2011 (Doc. 18), with the exception of discovery relating to class certification and membership. Two months later, Plaintiff moved to amend the Complaint and remand (Doc. 24), which became fully briefed on February 6, 2012 (Doc. 30). The motion was referred to the undersigned on June 22, 2012 (Doc. 56). The proposed amendment to the Complaint would omit out-of-state class members and affect the federal Court's jurisdiction to hear the case. On April 25, 2012, Plaintiff moved to compel Defendant's discovery responses (Doc. 42) relating to class membership, the same subject of the Motion to Amend Complaint and Remand. The motion to compel is pending.

**ANALYSIS**

<u>AMENDMENT</u>

Amendments are governed by the Federal Rules of Civil Procedure. Plaintiff seeks to amend before trial and for pre-trial amendments, Fed. R. Civ. P. 15(a)(2) states that the "court should freely give leave when justice so requires." Defendant's Response (Doc. 25) does not mention or contest Plaintiff's desire to amend the Complaint, so the Court assumes that Defendant does not oppose the Plaintiff amending the Complaint. It is also noteworthy that Plaintiff seeks to omit potential class members and therefore simplify the case, rather than to expand the number of plaintiffs or claims. As Plaintiff's Motion For Order to Compel Answers to Discovery (Doc. 42) indicates, Plaintiff has experienced difficulty in obtaining information about potential out of state class members from Defendant. Given that Defendant contends that Plaintiff is not entitled to this information and has not provided it (Doc. 46), the Court concludes

that the most workable resolution for both parties is to allow Plaintiff to amend the Complaint to omit the out-of-state parties. It is recommended that Plaintiff be allowed to file an Amended Complaint.

## REMAND

The proposed amendment affects the federal court's jurisdiction. When Defendant removed this action to federal court (Doc. 1), the basis for original jurisdiction was (1) it is a class action in which the proposed class includes at least 100 members; (2) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs; and (3) at least some members of the class and Defendant are citizens of different states, in compliance with 28 U.S.C. § 1332(d)(2). See also the Class Action Fairness Act of 2005, 28 U.S.C. § 1453. The proposed amendment would eliminate potential class members from a different state than Defendants, and therefore deprive the Court of original jurisdiction.

Once the basis for original jurisdiction is eliminated, the Court has the option to consider supplemental jurisdiction and continue litigation in the federal forum. However, according to 28 U.S.C. § 1367(c), "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." It is undisputed that this case involves only state law issues and not a single federal legal issue. The only reason why the federal court has jurisdiction (diversity of the parties) will likely soon be eliminated. Furthermore, the Court stayed general discovery, so the case has not moved substantially forward at this time. Besides pointing out that state courts look to federal court cases interpreting the Fair Labor Standards Act (Doc. 25 at 6), Defendant has not persuaded the

Court that there is a federal interest to be vindicated that justifies the Court exercising supplemental jurisdiction.

Without original jurisdiction or a compelling reason to exercise supplemental jurisdiction, the Court's subject matter jurisdiction is called into question and remand is appropriate. According to 28 U.S.C. § 1447(c), "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Court recommends that, if Plaintiff is allowed to amend and omit non-diverse parties, the matter in its entirety be remanded to the jurisdiction of the State of New Mexico.

## CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff be granted leave to file the Amended Complaint that omits the out-of-state class members. Once that Amended Complaint is filed, it is recommended that the Court *sua sponte* remand the case to state court for further adjudication.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE