IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW CASIAS, ERNEST CASIAS,
on behalf of themselves and similarly-situated
employees of Distribution Management
Corporation, Inc.,

        Plaintiffs,

vs.                                           Case No. 1:11-CV-00874 MV/RHS

DISTRIBUTION MANAGEMENT
CORPORATION, INC.,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the Magistrate Judge's Report and
Recommendation [Doc. 59] regarding Plaintiffs' Motion to Amend Complaint and Remand this
Action to State Court [Doc. 24] ("Motion to Amend and Remand").   On July 11, 2012, Defendant
Distribution Management Corporation, Inc. ("DMC") filed its Objection to the Magistrate Judge's
Report and Recommendation to Remand this Action to State Court [Doc. 60].   Having conducted
a de novo review of Defendant's objections to the Report and Recommendation pursuant to 28
U.S.C. § 636(b)(1), and having further considered Plaintiff's Motion to Amend and Remand, the
parties' arguments, and the relevant legal authority, the Court declines to adopt the Magistrate
Judge's Report and Recommendation and instead finds that Plaintiff's Motion to Amend and
Remand [Doc. 24] is not well taken and will be denied.

## BACKGROUND

Plaintiffs originally filed this case in the Second Judicial District Court of New Mexico on August 30, 2011, alleging violations of the New Mexico Minimum Wage Act, N. M. Stat. Ann. §§ 50-4-19 to 50-4-30.   On September 29, 2011, Defendant DMC removed the case to this Court pursuant to the minimal diversity of citizenship requirements of the Class Action Fairness Act of 2005 ("CAFA").   *See* 28 U.S.C. §§ 1332(d), 1453.   On January 4, 2012, Plaintiffs filed their Motion to Amend and Remand for the purpose of "exclud[ing out-of-state class] members so that this state based claim may be decided in the state courts of New Mexico."   Mot. to Amend and Remand, pp. 1-2.   Defendant opposes the Motion to Amend and Remand, arguing that the Court's original jurisdiction based upon the minimal diversity provisions of CAFA was determined and fixed as of the time of removal and that Plaintiff cannot deprive the Court of its original jurisdiction by filing an amended complaint to defeat minimal diversity.

The Court's original jurisdiction pursuant to CAFA was based upon (1) the proposed class including at least 100 members; (2) the amount in controversy exceeding $5,000,000.00 exclusive of interest and costs; and (3) at least some class members and the defendant being citizens of different states.   *See* 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1453.   If the Court granted leave to amend, Plaintiffs' proposed class would include less than 75 members and all parties would be citizens of the forum state.

On June 22, 2012, pursuant to the provisions of 28 U.S.C. Section 636(b)(1)(A), the Court issued an Order of Reference to the Magistrate Judge to hear and determine Plaintiffs' Motion to Amend and Remand.   On June 28, 2012, the Magistrate Judge issued a Report and Recommendation, determining that the Court should grant Plaintiffs' Motion to Amend and Remand in its entirety.   Thereafter, Defendant filed timely written objections to the Magistrate

Judge's recommended disposition on July 11, 2012, Plaintiffs responded to the objections on July 25, 2012, and Defendant filed a reply in support of its objections on August 1, 2012.

## STANDARD

Objections to a magistrate judge's proposed findings and recommended disposition are reviewed and determined de novo by the district court.   *See* 28 U.S.C. § 636(b)(1).   After conducting a de novo review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."   *Id*.

A motion to amend a pleading prior to trial is governed by the Federal Rules of Civil Procedure.   Specifically, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that the "court should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a)(2).

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."   Section 1447(c) further provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).

## DISCUSSION

In the June 28, 2012, Report and Recommendation, the Magistrate Judge recommended that the Court grant Plaintiffs leave to amend their complaint, noting that Defendant did not specifically oppose Plaintiffs' request to amend, that amendment would simplify the case, that Plaintiff has experienced difficulty in obtaining information about potential out-of-state class

3

members,[1] and that allowing amendment would be the most practical resolution for both parties.

The Magistrate Judge thereafter applied a supplemental jurisdiction analysis, recommending that

the Court decline to exercise supplemental jurisdiction because (1) the case involves only state law

issues, (2) the Court no longer will have original jurisdiction pursuant to CAFA over the parties if

amendment is granted, (3) the Court has stayed general discovery so the case has not substantially

advanced, and (4) there is no federal interest to be vindicated by exercising supplemental

jurisdiction.[2]  *See id.*, pp. 3-4.   In conclusion, the Magistrate Judge recommended that if

Plaintiffs are allowed to amend their complaint and omit non-diverse parties, the matter in its

entirety be remanded to the state court.   *See id.*, p. 4.   Defendant objects to the Magistrate Judge's

Report and Recommendation on the grounds that (1) supplemental jurisdiction is not applicable to

this case and (2) the Court's original jurisdiction was determined and fixed as of the time of

removal rendering subsequent amendments to the complaint irrelevant to the question of original

jurisdiction.

Section 1367 of Title 28 provides that "in any civil action of which the district courts have

original jurisdiction, the district courts shall have supplemental jurisdiction over all *other* claims

that are so related to claims in the action within such original jurisdiction that they form part of the

---

[1]  Defendant maintains that it specifically declined to produce discoverable information about
out-of-state class members because Plaintiffs filed their discovery requests after they had filed
their motion to amend seeking to eliminate out-of-state class members.   Defendant therefore
assumed that discoverable information regarding these class members was no longer relevant to
Plaintiffs' case.   The Court similarly assumes that Plaintiffs will not have difficulty obtaining the
information now that the Court has denied the motion to amend.

[2]  Section 1367(c) of Title 28 provides that a district court may decline to exercise supplemental
jurisdiction over a claim if the claim involves "novel or complex" state law issues, the claim
"substantially predominates over the claim or claims over which it has original jurisdiction," the
"district court has dismissed all claims over which it has original jurisdiction," or "there are other
compelling reasons for declining jurisdiction."   28 U.S.C. § 1367(c).

same case or controversy."   28 U.S.C. § 1367(a) (emphasis added).   Supplemental jurisdiction

necessarily contemplates two distinct claims or sets of claims.   Specifically, supplemental

jurisdiction applies when a case involves one or more claims over which the district court has

original jurisdiction and an addition claim (or claims) over which the court does not have original

jurisdiction but may exercise supplemental jurisdiction.   In the case at bar, there is only one set of

claims—namely, Plaintiffs' claims pursuant to the New Mexico Minimum Wage Act, N. M. Stat.

Ann. §§ 50-4-19 to 50-4-30, over which this court exercises original federal jurisdiction pursuant

to CAFA.   There are no additional state law claims over which the court does not have original

jurisdiction but might exercise supplemental jurisdiction.   Amending a complaint to eliminate

out-of-state class members from Plaintiffs' one set of claims grounded in original diversity

jurisdiction only alters that one set of claims; it does not create a second set of state-law claims

over which the Court may exercise supplemental jurisdiction.   Accordingly, a supplemental

jurisdiction analysis is not an appropriate framework under which to analyze Plaintiffs' motion to

remand this case.

　　　　Rather, the Court must evaluate Plaintiffs' motion to remand under case law related to the

Court's removal jurisdiction.   Generally, "where a case has been properly removed, jurisdiction

over it will not be defeated by later changes or developments in the suit, such as changes in

citizenship . . . [or a] reduction in the amount in controversy."   14B Charles A. Wright, Arthur R.

Miller & Edward H. Cooper, Federal Practice & Procedure § 3723 (4th ed. 2008); *Rockwell Int'l

Corp. v. United States*, 549 U.S. 457, 473-74 & n.6 (2007) ("when a defendant removes a case to

federal court based on the presence of a federal claim, an amendment eliminating the original basis

for federal jurisdiction generally does not defeat jurisdiction) (citing *Carnegie-Mellon Univ. v.

Cohill*, 484 U.S. 343, 346 (1988); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293

(1938)); *Seat v. Farmers Group, Inc.*, No. CIV-06-0309-F, 2006 WL 1285084, at *1 (W.D. Okla. May 5, 2006) (the "propriety of removal jurisdiction is judged on the complaint as it stood at the time of removal," such that a third amended complaint is "immaterial to the question of whether the court should decline to exercise jurisdiction under the exceptions to federal jurisdiction provided in [CAFA]") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).   This rule also applies when a plaintiff amends a complaint post-removal to eliminate class allegations in attempt to destroy a district court's original diversity jurisdiction pursuant to CAFA.   *See In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380, 381 (7th Cir. 2010) (the "general rule" in a case removed under CAFA is that "nothing filed after a notice of removal affects jurisdiction; therefore, a plaintiff may not require remand to state court by amending its complaint to eliminate class allegations); *see also* Sen. Judiciary Comm. Rep. on Class Action Fairness Act, S. Rep. No. 109-14 (1st Sess. 2005), reprinted in 2005 U.S.C.C.AN. 3 (it "is clear that, once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot 'oust' the federal court of jurisdiction").

Ample reason exists for the well-established rule that a plaintiff cannot deprive a court of jurisdiction once removal jurisdiction has attached.   Courts have explained that "removal cases present concerns about forum manipulation that counsel against allowing a plaintiff's post-removal amendments to affect jurisdiction."   *Burlington*, 606 F.3d at 381 (citation omitted); *see Rockwell Int'l Corp.*, 549 U.S. at 473-74 & n.6 ("removal cases raise forum-manipulation concerns that simply do not exist when it is the *plaintiff* who chooses a federal forum and then pleads away jurisdiction through amendment").   Indeed, the Seventh Circuit refused to allow remand after plaintiffs amended their complaint post-removal to eliminate CAFA class allegations, holding that the district court's jurisdiction properly attached and was determined as of

the time of removal.   *See* 606 F.3d at 381.   The circuit court explained that "allowing plaintiffs to amend away CAFA jurisdiction after removal would present a significant risk of forum manipulation."   *Id.*   The court, quoting from the Senate Judiciary Committee Report on CAFA, reasoned "that if the rule were otherwise, 'plaintiffs who believed the tide was turning against them could simply always amend their complaint months (or even years) into the litigation to require remand to state court.'"   *Id.* (quoting S. Rep. No. 109-14, at 70-71 (1st Sess. 2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 66).

If Plaintiffs had wanted to avoid federal jurisdiction under CAFA, plaintiffs should have taken care in their original complaint to restrict the scope of the allegations defining potential class members.   *See Braud v. Transport Serv. Co.*, 445 F.3d 801 (5th Cir. 2006) (citations omitted); *Johnson v. Advance America*, 549 F.3d 932, 937 (4th Cir. 2008) (plaintiffs were entitled in their original complaint to limit the class definition only to citizens of South Carolina in order to avoid federal CAFA jurisdiction); *see also St. Paul Mercury Indem.*, 303 U.S. at 294 (if the plaintiff "does not desire to try his [or her] case in the federal court [the plaintiff] may [sue] for less than the jurisdictional amount [so] the defendant cannot remove").   The CAFA Senate Report specifically acknowledges that "plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways," but further notes that plaintiffs "lose that power once a defendant has properly removed a class action to federal court."   *Braud*, 445 F.3d at 808 (citing S. Rep. No. 109-14 (1st Sess. 2005), *reprinted in* 2005 U.S.C.C.AN. 3); *accord Dinkel v. General Motors Corp.*, 400 F. Supp. 2d 289, 294-95 (D. Me. 2005).

In the case at bar, Plaintiffs failed to circumscribe their class allegations in the original complaint, thus rendering their case subject to this Court's removal jurisdiction.   The Court cannot now, months after a proper removal pursuant to CAFA, allow Plaintiffs to manipulate

jurisdiction for the sole purpose of forcing a remand to state court.   Indeed, courts specifically

have held in the context of evaluating the effect of post-removal amendments in CAFA cases that

"[i]f a plaintiff amend[s] simply to destroy diversity, the district court should not remand."

*Schillinger v. Union Pac. R.R. Co.*, 425 F.3d 330, 333 (7th Cir. 2005) (citation omitted); *see*

*Braud*, 445 F.3d at 809 (declining to remand case brought pursuant to CAFA where plaintiff

amended the complaint simply to destroy diversity).   Moreover, allowing remand would violate

the many policies behind the rule that jurisdiction is determined at the time of removal.   *See, e.g.*,

*Burlington*, 606 F.3d at 381 (noting that the rule exists to minimize the significant risk of forum

manipulation and to reduce the expense and delay caused by shuttling a case from court to court).

Plaintiffs do not cite any legal authority—other than a vaguely-identified "spirit of the

law"—to persuade the Court to find otherwise.   Admittedly, there are exceptions to the rule that a

court's original diversity jurisdiction is determined at the time of removal, but those exceptions are

not applicable here.   Courts have determined that a "federal court "may properly remand if the

amendment . . . was made for legitimate purposes."   *Braud*, 445 F.3d at 808.   To determine

whether a purpose is proper, "a district court must consider the reasons behind the amendment."

*Schillinger*, 425 F.3d at 333.   The Tenth Circuit has held that a district court's original diversity

jurisdiction will be destroyed and remand will be proper if the court determines that a later-joined,

non-diverse party was indispensable to the action at the time it commenced.   *See Salt Lake*

*Tribune Publishing Co. v. AT&T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003) (citation omitted);

*see also* 28 U.S.C. § 1447(e) (if "after removal the plaintiff seeks to join additional defendants

whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit

joinder and remand the action to the State court").   Likewise, jurisdiction may be destroyed and

remand will be proper if a plaintiff seeks to amend based upon a clerical mistake in the original

8

complaint.   *See, e.g.*, *Schillinger*, 425 F.3d at 333-34 ("jurisdiction is defeated if one of the pleading elements necessary to establish jurisdiction [in the original complaint] is a scrivener's error") (citation omitted).   As previously discussed, however, amendment solely to destroy a federal court's diversity jurisdiction is not a legitimate purpose meriting remand.   *See, e.g. id.* at 333; *Braud*, 445 F.3d at 809.   Accordingly, the Court declines to remand the case on this ground.

        With respect to Plaintiffs' motion to amend, although Federal Rule of Civil Procedure 15(a)(2) provides that a district court should freely give leave to amend a complaint when justice so requires, a court nonetheless may refuse to grant leave based on "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."   *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).   Plaintiffs repeatedly have stated that the purpose of their amendment is to "exclude [out-of-state class] members so that [their] state based claim may be decided in the state courts of New Mexico."   Pls' Mot. to Amend and Remand, pp. 1-2; *accord* Pls' Resp. to Def's Objection to Magistrate Recommendation, p. 2.   The Court already has determined that any subsequent amendment to Plaintiffs' complaint will not divest this Court of its original removal jurisdiction pursuant to CAFA.   Because the sole basis for Plaintiff's motion to amend—*i.e.*, the destruction of the Court's subject matter jurisdiction over the case—will not be accomplished, the Court concludes that Plaintiffs' motion to amend is futile.   Accordingly, the Court denies Plaintiffs' motion to amend.

## <u>CONCLUSION</u>

For the foregoing reasons, it therefore is ordered that the Magistrate Judge's Report and

Recommendation [Doc. 59] is rejected and that Plaintiffs' Motion to Amend Complaint and

Remand this Action to State Court [Doc. 24] is denied.


Dated this 26th day of September, 2012.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE